[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 574 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 575 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 577 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 578 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 579 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 581 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 582 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 583 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 584 
The facts proved on the trial, aside from the deeds and the possession by the defendants of a part of the premises in dispute, with a claim of ownership to the whole, are wholly immaterial The case depends upon the construction of the deed from Edward Dodd and wife to the plaintiffs; and such construction must be determined from the words of the deed alone; the extraneous circumstances which were given in evidence not tending in the least to aid in that construction. I entertain no doubt of the sufficiency of the deed to pass the title to both the parcels described. In deeds of bargain and sale, designed to transfer the title to lands by the aid of the statute on uses, no particular form of words is necessary; any words which show the intention are sufficient. "Any words that will raise a use will amount to a bargain and sale." (4 Kent's Com. 491-496; Jackson
v. Alexander, 3 John. 485, 495; Jackson v. Fish,
10 id. 456.) The words "make over and confirm" (18 John. 60), "release and assign" (id. 79), "limit and appoint" (Shove v. Pincke, 5 T.R. 124,) have been held sufficient. In the last mentioned case, BULLER J. says: "The thing conveyed is a reversion; that is, the subject of a grant; and the words `limit and appoint' operate as a grant." It is hardly necessary to say that any *Page 585 
words which would amount to a grant at common law, would be sufficient in a bargain and sale under the statute of uses; and if that were not so, would be good as a conveyance under our revised statutes, which have made every interest in lands the subject of grant. (1 R.S. 738, 739; 4 Kent's Com. 491.) InFisher v. Fields (10 John. 495), in the court of errors, the following instrument, sealed, and a pecuniary consideration being shown, was held sufficient to create a trust, viz: "This is to certify that the bearer hereof, J.B., is entitled to all the lands that I.B.G. am entitled to, either from the state or continent, for my services as a soldier." In that case the bargainor had only an equitable interest, and could not therefore transfer a title, but the instrument was held sufficient to charge him (when he afterwards obtained the legal title), as a trustee of the lands for J.B. A trust now is what a use was before the statute of uses, and words which are now sufficient to create a trust would have been sufficient to create a use before the statute, and by aid of the statute are now sufficient to transfer the legal estate. The operative words in the case ofFisher v. Fields, were almost identical with those used in the deed under consideration. In the one case they are "is entitled to," and in the other "Also, may be further entitled to." The same words, however, in one case might be held sufficient to operate as a conveyance, when, in another, they would be altogether insufficient on account of their relation to other parts of the instrument. The intention alone determines the interpretation of the deed, and to ascertain that intention the whole instrument is to be examined. Looking, for this purpose, at the whole of this deed, we find that by it the grantors declare that, in consideration of one dollar, they have bargained and sold to the railroad company a piece of their land four rods wide and two hundred and fifty feet long, comprising an area of sixty square rods, "for the uses and purposes of the road proper." Also, that, in addition to the sixty square *Page 586 
rods, the company may be further entitled to an extra width of seventy feet on the south of the road, "for the uses and purposes of a side track, engine house, depot," c., "provided such buildings may be used for purposes of said road only; and whichadditional land contains an area of sixty-four rods." To those granting and descriptive words, there is added the habendum
clause, "to have and to hold all and singular the abovementioned and described premises, together with the appurtenances, unto the said parties of the second part, their successors and assigns, forever," and the only one of the grantors capable of entering into a covenant, adds that the quiet and peace able possession of the said premises, by the party of the second part, he "will warrant and forever defend." The entire deed being considered, the intention to convey the last described piece as effectually as the other, appears to me very plain, notwithstanding the difference in the language used in reference to the different pieces. I regard the words directly applied to the piece last described, viz. that the company "may be entitled to" seventy feet in width for a side track, as sufficiently expressing an intention to give a present interest to the grantee, to operate as a conveyance, the consideration otherwise appearing. Those words were designed to have some effect, and if they do not operate as a conveyance, no effect whatever can be given to them. The effect of the deed, as applied to the piece of land last described, does not, however, depend upon the language which I have last quoted. By its true interpretation the technical words of conveyance, "grant, bargain, sell," c., apply as well to the last described piece of land as to the first. No one would question that the words, "for and in consideration of one dollar," apply to both pieces, and just as clearly the granting words apply to both. The substance of the deed — its plain meaning — is this: In consideration of one dollar, we have granted, bargained and sold to the railroad company sixty-four *Page 587 
square rods of land for their road proper; also seventy rods in addition, which they may be entitled to for a side track, engine house, c. This interpretation of the deed is strongly confirmed by the habendum clause; and although that clause can never be resorted to for the purpose of enlarging the estate granted, there is no reason why it may not be considered in determining the question whether the prior words of the deed were or were not intended to operate as a grant.
It is not necessary, in order to maintain the plaintiffs' title, to resort to the covenants of the deed; but if there were in the instrument no words which could be held to operate as a direct conveyance, I entertain no doubt that the covenant for quiet enjoyment, entered into by the ancestor of the defendants' grantor, would be equally as effective as a direct conveyance from such ancestor would have been to bar the claim set up by the defendant. Such ancestor would not, himself, have been allowed to assert a claim to the property in opposition to his covenant, nor can any one claiming under him be allowed to do so.
In the case of Goodtitle v. Bailey (Cowper, 597), which was an action of ejectment, the lessor of the plaintiff had executed a release of the premises claimed, with a covenant for quiet enjoyment, and further assurance. There was a doubt as to the sufficiency of the words of the release to operate as a conveyance. Lord MANSFIELD, after stating the circumstances which created the doubt, says: "One thing, however, is decisive. This is a fictitious action to recover the possession. In such an action, if a man has made a solemn deed covenanting that another shall enjoy the premises, and likewise for further assurance, it shall never lie in his mouth to dispute the title of the party to whom he has so undertaken; no more than it shall be permitted to a mortgagor to dispute the title of his mortgagee. No man shall be allowed to dispute his own solemn deed." The court concurred in this opinion, and on that *Page 588 
ground sustained the non-suit of the plaintiff, which had been granted at the trial.
For these reasons I think the deed was effectual as a conveyance of the title to the premises in controversy, for the purposes expressed therein; but if a doubt exists in regard to this, the covenant for quiet enjoyment of the property by the plaintiffs estops the covenantor, and those claiming under him, from interfering with such enjoyment. (Rawle on Cov. 322.)
The judgment of the supreme court should be affirmed, and final judgment in favor of the plaintiffs entered in accordance with the stipulation of the defendants.
HOGEBOOM, J. The sole question presented in this case is whether the deed from Edward Dodd, and wife, to the plaintiffs, of the 28th of December, 1841, does, by its terms, convey such an interest in the premises secondly therein described as will justify an action of ejectment. I am of opinion that it does, for the following reasons:
1. It is, equally with the first parcel, contained in thegranting part of the deed, and the habendum clause is "to have and to hold all and singular the above mentioned and described premises (which embrace both parcels), with the appurtenances, unto the said parties of the second part, their heirs and assigns, forever." And it is also covered by the covenant for quiet enjoyment.
2. The consideration applies to the whole deed, and there is nothing to show that it was intended as a mere contract for a deed, as it makes no provision for a future deed in any contingency, or at any future time. It must have been intended for one purpose or the other — either as a conveyance of a present interest in the land or as a contract to convey a future interest.
3. The difference of phraseology in regard to the first andsecond parcels is not conclusive, because the question must after all be determined from the whole scope and *Page 589 
tenor of the instrument. Moreover there is, in my opinion, a reason for the difference of expression in this, that the conveyance of the first parcel was designed to be direct, immediate and absolute, while that of the second was designed to depend upon its being wanted or used for the purposes named, to wit: for a side track, engine house, depot, or other necessary buildings and appendages to the road. This was consistent with the retention of an interest in the grantors in the premises so conveyed until the grantees should require it for the uses specified; and this was, I think, the intention of the parties, as it was so subsequently used and appropriated by the latter, the absolute right vested from that period.
4. The words in the deed, "may be further entitled," should, therefore, be construed as is admissible in the inter pretation of instruments of this description, as synonymous with "shall be further entitled," or "are further entitled," in order to effectuate the manifest intention of the parties. In the same sentence similar words are twice obviously used in a similar sense. In declaring the purposes to which this second parcel, and the buildings to be erected thereon, shall be applied, the language is "for the use and purposes of a side track, engine house, depot, or such buildings and appendages to said road asmay be (that is, are or shall be) considered necessary, provided such buildings may be (that is, are or shall be) used for purposes of said road only."
The words "is entitled," or "are entitled," are frequently used in legal documents to import the conveyance or transfer of a present interest, and not a mere right to the conveyance or transfer of a future interest. Stock scrips or certificates are a familiar illustration of this proposition.
These considerations are conclusive to my mind as to the intention of the parties and the effect of the instrument. The order of the supreme court should be *Page 590 affirmed, and judgment absolute should be rendered against the defendants in accordance with their stipulation in such event.
All the judges concurring, judgment affirmed *Page 591