# ELIZA G. LAWRENCE *v.* JOHN Q. A. BALLOU, ALFRED L. TUBBS, E. H. PARKER, HIRÁM TUBBS, AND NATHAN DAVIDSON

EJECTMENT AND TENANT IN COMMON.—The grantee of a specific quantity in a larger tract, thereafter to be segregated, becomes a tenant in common with his grantor of the entire tract, and may maintain ejectment against his co-tenants.

IDEM.—A quitclaim deed passes all the title which the grantor has, and will support ejectment.

LAW OF THE CASE.—The rule that a previous decision becomes the law of the case, applies only to the decisions of the Court of last resort.

IDEM.—If, in the trial of a case at *nisi prius*, an erroneous ruling is made, it is not binding upon the Court if the question again arises.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The plaintiff appealed.
The facts are stated in the opinion of the Court.

*McAllisters & Bergin,* for Appellant.

1. The Court below erred in holding that its decision upon the demurrer to the complaint had become the law of the case, although erroneous. That rule applies only to the decisions of appellate Courts. (*Garland* v. *Davis,* 4 How. U. S. 143.)

2. The deed from Hatch to the Browns, although but a quitclaim, was none the less effective to pass the title, and was sufficient to support the action. (*Schenk* v. *Evoy,* 24 Cal. 110; *Downer* v. *Smith,* 24 Cal. 123; *Jackson* v. *Livingston,* 7 Wend. 120; *Corbin* v. *Jackson,* 14 Wend. 619; *Sharp* v. *Cushing,* 3 Vt. 735; *Gibbs* v. *Swift,* 12 Cush. 393; *The Long Island R. R. Co.* v. *Conklin,* 29 N. Y. 572.)

*Campbell, Fox & Campbell,* for Respondents.

By amending the complaint, instead of appealing from the order sustaining the demurrer, the plaintiff accepted the order as the law of his case, and could not thereafter bring it in question. (*Haynes* v. *Meeks,* 10 Cal. 110; 20 Cal. 288.)

By the Court, SANDERSON, J.:

The plaintiff sued as a tenant in common with the defendants. In the original or first complaint she described her interest as "*fifteen acres of the Hatch Claim, situate on the Potrero Nuevo, which said fifteen acres is undivided and is to be located within*" the boundaries of the Hatch Claim, etc.

The defendants, or some of them, demurred upon several grounds, one of which was founded upon the character of the plaintiff's interest, as above alleged; it being claimed "that her interest, if any, is imperfect, and she cannot recover until her fifteen acres shall have been located." Upon this ground, as well as others, the demurrer was sustained. The plaintiff then amended her complaint, and sued as sole owner of the "Hatch Claim," and demanded judgment for the whole of the "claim." The defendants having answered, and the case having come up for trial, counsel for the plaintiff opened with a statement in detail of the alleged title of the plaintiff, from which it appeared that her interest was derived from one Harvey A. Hatch, under a deed to Charles Brown and Harvey S. Brown, of which the premises are as follows: "This indenture, made the ninth day of December, in the year one thousand eight hundred and fifty-three, between Harvey A. Hatch of San Francisco, party of the first part, and Charles Brown and Harvey S. Brown, of the same place, parties of the second part, witnesseth: that the said party of the first part, for and in consideration of the sum of one thousand dollars, lawful money of the United States of America, to him in hand paid by the said parties of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, has remised, released, and quitclaimed; and by these presents does remise, release, and quitclaim unto the said parties of the second part, and to their heirs and assigns forever, all fifteen acres of land to be hereafter located and surveyed upon a certain tract of land known as the Potrero property, in San Francisco, and within *the*

*claim* and bounds of the party of the first part, and which has been duly surveyed and recorded; the said fifteen acres are to be of *proportionate value* with the whole of the claim of the said party of the first part, *both as to location and quality.*" That this deed was duly recorded at the time, and that the defendants also claimed and held under the said Hatch, with notice of the plaintiff's rights.

Upon this opening statement of the plaintiff's counsel, the defendants' counsel moved for a nonsuit, upon the ground that the plaintiff had stated no title upon which she could recover in ejectment; and in connection that the Court had so ruled upon the demurrer to the original complaint, and that the ruling had now become the law of the case, by which the Court was still bound, and must, therefore, nonsuit the plaintiff, irrespective of the question whether the ruling upon the demurrer was right or wrong. The Court sustained the motion.

In holding that the deed from Hatch to the Browns is not sufficient to sustain ejectment until the fifteen acres have been surveyed and located, the Court below erred. By the deed the Browns became tenants in common of the whole tract with their grantor, Hatch. This was expressly ruled in *Schenk* v. *Evoy*, 24 Cal. 110, where we said: "Where a deed is of a given quantity of land, parcel of a larger tract, and the deed fails to locate the quantity so conveyed by a sufficient description, the grantee, on delivery of the deed, becomes interested in all the lands embraced within the larger area as tenant in common with his grantor, and, as such tenant, the grantee can claim a partition under proceedings instituted for that purpose, or, alternatively, a partition may be made by amicable agreement between the parties;" and in view of the nature of the present action, we add that, if the grantor or his grantees exclude him from the possession, he may maintain ejectment against them. To the same effect, also, are the following cases: *Lick* v. *O'Donnell*, 3 Cal. 59; *Gibbs* v. *Swift*, 12 Cush. 393; *Sheafe* v. *Wait*, 30 Vt. 735; *Jackson* v. *Livingston*, 7 Wend. 136; *Corbin*

v. *Jackson*, 14 Wend. 619; *The Long Island R. R. Co.* v. *Conklin*, 29 N. Y. 572

Although a quitclaim merely, the deed passed the title of Hatch, and, in that respect, is sufficient to enable the plaintiff to maintain ejectment against him and his grantees. (*Sullivan* v. *Davis*, 4 Cal. 291; *Downer* v. *Smith*, 24 Cal. 123; *Carpentier* v. *Williamson*, 25 Cal. 154.)

The point made by respondents, if we understand it, is not tenable. The doctrine that a previous ruling has become the law of the case has no application except as to the decisions of appellate Courts. When the Court of last resort has finally ruled upon the point, and the case has been returned to the Court below, the principle invoked by respondents applies, and the decision of the appellate Court, right or wrong, has become the law of the case in all subsequent proceedings, for the obvious reason that, otherwise, the end of the case might never be reached. But if, at the trial of a cause at *nisi prius*, the Court makes a ruling upon a certain point, the Court is not bound by it, if the same point arises again. On the contrary, the Court may, and should, change its ruling, if, in the meantime, it has become satisfied that it was erroneous. Nor, if the Court adheres to its ruling, is the party against whom the ruling is given precluded from taking an exception because he acquiesced in the ruling when it was first made.

Judgment reversed and new trial ordered.

Mr. Justice Rhodes and Mr. Justice Crockett, being disqualified, did not sit in this case.