[No. 2,969.]

# ALEXANDER B. GROGAN *v.* THEOPELO VACHE AND ALFRED THOMPSON ET AL.

DEED WITH DEFECTIVE DESCRIPTION.—A deed which purports to describe a specific tract of land, giving the number of acres, and calling it parcel of a larger tract, but the calls of which fail to describe the tract of land intended to be conveyed or any tract of land, does not convey an undivided interest in the larger tract, nor make the grantee a tenant in common with the grantor in the larger tract.

APPEAL from the District Court of the Third Judicial District, County of Monterey.

None of the defendants, except Thompson, appeared in the action.

The defendant Thompson recovered judgment, and the plaintiff appealed.

The other facts are stated in the opinion.

*W. H. Patterson*, for Appellant.

The deed to Thompson was void for uncertainty; it does not describe any tract or parcel of land; it does not purport to convey an undivided interest in the whole. (*Schenck* v. *Evoy*, 24 Cal. 109.)

This is apparent because the Court below was unable to locate or define the bounds of the thirty-five acres by the calls in the deed.

*Moore, Laine & Leib*, for Respondent.

Even if the land cannot be located by reason of the insufficiency of description in the deed, still the deed has the effect to vest in the grantee an undivided interest in the whole tract. (*Schenck* v. *Evoy*, 24 Cal. 110; 37 Cal. 520.) We claim thirty-five acres, undivided.

By the Court, RHODES, J.:

The plaintiff sued for the recovery of the Rancho Los Paicines, containing two leagues of land; and on the trial he proved his title to all of the rancho, except such portion thereof as was conveyed to Thompson, one of the defendants, by a deed executed by the widow and three of the children of Rodrigues (one of the grantees of the rancho); and except also such right, title, or interest in the last mentioned portion as was sold to Thompson by Villegas, the plaintiff's grantor. In the deed of the widow and children of Rodrigues to Thompson, the land is described as follows: " Commencing on the southerly side of the Paicines Rancho, at a large live oak tree, marked with a X cross; thence running in an easterly direction, crossing the creek above the upper ford; thence in a southerly direction and parallel with the line of said rancho to a large white oak tree marked with a X cross at the lower ford; thence along said creek to the line of said Rancho Paicines, containing thirty-five (35) acres, more or less."

The answer of Thompson contains a general denial, and the averment that he is the owner in fee and in possession of forty acres, parcel of the rancho. It was proven that Villegas, who was then the owner of the undivided half of the rancho, sold to Thompson the same land—whatever that may be—that was conveyed to him by the deed executed by the widow and children of Rodrigues, and received from him the purchase money; and that he, Thompson, held and occupied the land, with the permission of all the parties then interested in the rancho. This sale by Villegas may be left out of consideration, as it did not convey the legal title, and the answer does not set up an equitable defense. The Court held that the deed to Thompson vested in him an undivided interest in the whole rancho; that he was now a tenant in common of the rancho with the plaintiff; and that as the

plaintiff had not proved an actual ouster, he could not recover in the action.

The deed to Thompson does not seem to describe any tract of land. The statement, including the references to the maps or exhibits, are in such a condition that they throw but little light on the matter, and we shall assume, as we think the case warrants us in doing, that the calls of the deed do not include any tract of land. The only question which we shall notice, is whether the deed operated so as to make Thompson a tenant in common with the plaintiff in the whole rancho. The only authorities on which the defendant relies in support of that proposition, are *Schenk* v. *Evoy*, 24 Cal. 110, and *Lawrence* v. *Ballou*, 37 Cal. 520. The deed in question, in *Schenk* v. *Evoy*, conveyed one thousand acres of land situated in a certain valley, parcel of a certain rancho, to be bounded on the east by a certain creek, and to be laid out as near as possible in a square form, so as to include one thousand acres, and no more. It was shown that such a tract could be laid out in many different places within the valley, and on the rancho. The deed was construed as conveying a given *quantity* of land, parcel of the rancho, and not as a defective conveyance of a given *tract* of land. The effect of the deed was to make the grantee a tenant in common with the other owners of the rancho, or at least of so much of it as was situated in the valley named in the deed. The deed in *Lawrence* v. *Ballou* conveyed " fifteen acres of the Hatch claim, situate on the Potrero Nuevo, which said fifteen acres is undivided;" and it is obvious that if the grantor held any title in the Hatch claim, the grantee by virtue of the deed took an interest in common in the claim. In *Jackson* v. *Livingston*, 7 Wend. 136 (affirmed in 14 Wend. 619), the deed called for six hundred acres, to be surveyed and taken off of a larger tract by the grantee at his election; and it was held that the grantee became a tenant in common with the owners of the

larger tract, and so remained until the tenancy in common was severed by the grantee, by the exercise of his election to locate the quantity granted to him. There are many other cases to the same effect. A conveyance of a definite number of acres, or any other definite quantity of land, parcel of a tract containing a larger number of acres, or a larger quantity of land, if the amount conveyed be not located by the deed, is construed as conveying an undivided interest in the larger tract, for such is the manifest intent of the parties; and the construction is the same, whether the interest conveyed be measured by acres or by a fractional subdivision, such as a half, a quarter, or the like. But we find no case in which a deed, which purports to describe a specific tract of land, mentioned as parcel of a larger tract, but which fails to describe the tract intended to be conveyed, in such a manner that it can be located, is held to operate, by reason of such insufficient description of the specific tract, as a conveyance of an undivided interest in the larger tract; and, in our opinion, there is no rule for the construction of deeds, which will work that result.

Judgment and order reversed, and cause remanded for new trial.

Mr. Chief Justice WALLACE, being disqualified, did not participate in the decision.