JOSEPH P. HODGE v. JAMES A. BENNETT, JR.

1. DEEDS. *Description. Ambiguity.*

    A deed purporting to convey a specific tract of land out of a larger tract is void, if by reason of a patent ambiguity in the description the location of the specific tract cannot be ascertained with legal certainty.

2. SAME. *Undivided interest. Tenants in common.*

    A deed conveying a given area in a larger tract of land vests the grantee with title as tenant in common of an undivided interest in the whole, in the proportion that the smaller bears to the larger quantity.

FROM the chancery court of Madison county.

HON. HENRY C. CONN, Chancellor.

Hodge and others, appellants, were complainants in the court below; Bennett, the appellee, was defendant there. The object of the suit was to sell the lands described in the bill for division of the proceeds. Complainants claimed to own an undivided one-half interest in the lands by inheritance from one John Hodge, deceased, and the other half interest as devisees under the will of Martha Goodloe, deceased. By the terms of the will the lands were charged with a small specific legacy in favor of appellee, Bennett, hence the latter was made defendant to the bill, complainants consenting for the legacy to be paid out of the proceeds of the sale of the lands. Bennett answered the bill, making his answer a cross bill, in which he set up a deed, claiming an interest under it, executed to him by the testatrix, Martha Goodloe, in her lifetime, and by the terms of which she conveyed to him " an undivided three hundred acres in and to the following lands," describing the lands mentioned in the bill by survey description, containing eight hundred and eighty acres. The complainants demurred to the cross bill, their de-

murrer presenting the question of the validity of the descrip-
tion in said deed.   The court below overruled the demurrer,
and the complainants appealed from the decree so doing to the
supreme court.

*W. H. Powell*, for appellants.

The description in the deed under which appellee sought re-
lief is void for uncertainty, and being a patent ambiguity, can-
not be explained by evidence *dehors* the instrument.   *Holley* v.
*Curtis*, 3 How. (Miss.), 230; *Swayze* v. *McCrossin*, 13 Smed.
& M., 320.

There cannot be given any talismanic significance to the word
"undivided" so as to make a certain description of the one be-
fore the court, or make it one that can be aided by parol. 4 Am. &
Eng. Enc. L. (2d ed.), 790, 791; *Bowers* v. *Andrews*, 52 Miss.,
600; *Goodbar* v. *Dunn*, 61 Miss., 622; *Cogburn* v. *Hunt*, 54
Miss., 675; *Barnett* v. *Nichols*, 56 Miss., 627; *Tierney* v.
*Brown*, 65 Miss., 569; *Haughton* v. *Santor*, 71 Miss., 357.

*H. B. Greaves*, for appellee.

There is no attempt by the grantor, in the conveyance, to
put the grantee in possession of any particular three hundred
acres in any particular part of the larger tract, but the deed,
by its terms, conveyed an undivided interest in the lands in the
proportion that three hundred acres bore to Mrs. Goodloe's
interest in the tract mentioned.   It gave appellee, the grantee,
an equitable interest in the entire tract, and a right to have a
court of equity lay off to him three hundred acres of said tract
of average value with the rest of it.

There is no patent ambiguity apparent on the face of this
instrument.   *Shaefe* v. *Wail*, 30 Vt., 735.

WHITFIELD, C. J., delivered the opinion of the court.

If a grantor intending to convey a specific tract, precisely
described by metes and bounds, such specific tract being part

of a larger tract of land, puts in the conveyance such a description of the specific tract as is ineffectual to convey that particular tract, because of a patent ambiguity, the grantee takes nothing for the obvious reason that, in such case, the intention was to convey this specific tract, so definitely marked out, and nothing else, and, the deed failing as to that, fails altogether. But if a grantor intending to convey, not a specific tract of land particularly described, but to convey a certain quantity or number of acres of land out of a larger quantity or larger number of acres of land, makes a deed to such quantity or number of acres out of a larger quantity or number of acres of land, the grantee does take an undivided interest in the whole land as tenant in common with the grantor, and his interest is measured by the proportion which the number of acres conveyed to him bears to the whole number of acres in the tract. And this interest he may have set apart to him in severalty by proper partition proceedings. This is the well-settled rule.

In the case of *Grogan* v. *Thompson*, 45 Cal., 612, the court say: "The only question which we shall notice is, whether the deed operated so as to make Thompson a tenant in common with the plaintiff in the whole ranche. The only authorities on which the defendant relies in support of that proposition are *Schenk* v. *Evoy*, 24 Cal., 110, and *Lawrence* v. *Ballou*, 37 Cal., 520. The deed in question in *Schenk* v. *Evoy*, conveyed 1,000 acres of land situated in a certain valley, parcel of a certain ranche, to be bounded on the east by a certain creek, and to be laid out as near as possible in a square form, so as to include 1,000 acres and no more. It was shown that such a tract could be laid out in many different places within the valley and on the ranche. The deed was construed as conveying a given quantity of land, parcel of the ranche, and not as a defective conveyance of a given tract of land. The effect of the deed was to make the grantee a tenant in common with the owners of the ranche, or, at least, of so much of it as was situated in the valley

named in the deed. The deed in *Lawrence* v. *Ballou* conveyed
' fifteen acres of the Hatch claim, situated on the Potrero Nu-
evo, which said fifteen acres is undivided,' and it is obvious
that, if the grantor held any title in the Hatch claim, the
grantee, by virtue of the deed, took an interest in common in
the claim. In *Jackson* v. *Livingston*, 7 Wend., 136 (affirmed
in 14 Wend., 619), the deed called for 600 acres, to be sur-
veyed and taken off of a larger tract by the grantee at his'
election, and it was held that the grantee became a tenant in
common with the owners of the larger tract, and so remained
until the tenancy in common was severed by the grantee by the
exercise of his election to locate the quantity granted to him.
There are many other cases to the same effect. A conveyance
of a definite number of acres or any other definite quantity of
land, parcel of a tract containing a larger number of acres or a
larger quantity of land, if the amount conveyed be not located
by the deed, is construed as conveying an undivided interest in
the larger tract, for such is the manifest intent of the parties,
and the construction is the same whether the interest conveyed
be measured by acres or by a fractional subdivision, such as a
half, a quarter, or the like."

In 12 Cush., 393, the grantor conveyed to the grantee " 211
undivided acres of land out of a tract of 1,878 acres." The
judge, the great Chief Justice Shaw, at pages 397 and 398,
says: " We are, then, brought to consider the terms of this
deed, what was the nature and character of the estate given by
it and the rights and obligations of the parties under it. It
certainly was not a joint estate. It had none of the character-
istics of a joint estate. The grantor had formerly owned the
whole, and let in the grantee to a part, which is described. It
was no share or aliquot part in severalty, for it was not located
on any part of the tract. It was, in terms, a given number of
undivided acres, 211, out of a tract described as containing
1,878 acres, in quality and privileges equal in every respect
with the remainder. Whether such grant gave the grantee an

election to take his grant in any part of the tract, it is not necessary to decide, for he made no such election. But it gave him a share, as tenant in common, of the whole tract, in the proportion which 211 bears to 1,878."

The same doctrine is set forth in 30 Vermont, 736, 737, the court saying: "The conveyance must be regarded as a deed of an undivided interest, or else be void. If the deed had been expressed thus, 'thirty-six acres of undivided land in said lot,' no question could have arisen but that it would have been a, grant of undivided land to be held in common."

There is nothing in the case of *Swayze* v. *McCrossin*, 13 Smed. & M., 320, or in the other cases cited for appellant, which contravenes this doctrine.

*Affirmed.*