JONES et al. v. MABRY et al.—225 S. W. (2d) 561.

Eastern Section.  March 15, 1949.

Petition for Certiorari denied by Supreme Court, October 7, 1949.

Stone & Qualls, of Harriman, for appellants.

Cassell & McDavid, of Harriman, for appellees.

McAMIS, J.   This suit was instituted by the present Trustees of the Swan Pond Methodist Church of Roane County on June 23, 1941, to enjoin the cutting of timber on a one acre tract of land described in the bill.  The defendants are Creed Mabry, John Mabry and James Mabry, successors in title of Michael Hassler.  The trial proceeded as in ejectment and resulted in a decree sustaining complainants' title from which defendants appeal.

Complainants' claim of title rests on the Hassler deed purporting to convey to their predecessors as Trustees of the Swan Pond Methodist Church an acre of land for religious and educational purposes, the pivotal question being whether the description is sufficient to convey title.

On January 1, 1847, Michael Hassler conveyed to named Trustees of the Swan Pond Methodist Church South and their successors in office forever in trust "one acre of land lying on the North Fork of Swan *pon* Creek to be laid *of* So as to contain the house as near the center as possible So that no part of the Swamp north of Said house is the acre for the Encouragement of Education and the Spread of the Gospel . . .", provided "that said Church is to be govern by the same Rules and Regulations that Methodist Churches is agreeable to the Rules *lay*ed down in the Methodist Discipline."  By the same deed Hassler also gave "one-half acre of land

on the top of hill where the grave yard now is to Said Trustees in trust for the purpose of a Burying Ground . . ."

From the language of the deed we think it is to be implied that when the deed was executed a church house stood on the property intended to be conveyed and that there was a cemetery on top of the hill nearby. Since the property conveyed was described in two tracts there seems to us no basis for an inference that the two tracts adjoined each other. It appears from the present record that there is a swamp to the northeast of the property claimed by the Church. The old church stood and was continuously used for religious and educational purposes until 1887 when the Church acquired two additional acres lying northwest of the old church. Shortly thereafter a new church was constructed and thereafter used for church purposes. The old church house fell into disuse and was dismantled and the materials sold by the Trustees about thirty-five years prior to the institution of the present suit. However, according to the weight of the proof, the grounds around the old church site continued to be used by the congregation and the public generally as a picnic ground, parking and hitching place. It was never enclosed by fence.

After the execution and registration of the Hassler deed to the Church the acreage surrounding and embracing the property claimed by it was conveyed a number of times. The last conveyance appears to be dated January 16, 1935 conveying a thirty-seven acre tract to Mary D. Mabry and Sallie Elizabeth Mabry. None of these conveyances takes note of the prior Hassler deed conveying the Church lot. However, in May 1941, the Mabrys offered to sell the thirty-seven acre tract to the Tennes-

see Valley Authority which, after investigation of the title, declined to accept a deed to the Church site. The foundation of the old church house still remained and the Tennessee Valley Authority made an accurate survey of one acre of land 209 feet by 209 feet which, we understand, placed the exact site of the old Church building a few feet south of the center of the tract.

On May 8, 1941, Sallie Elizabeth Mabry conveyed a one acre tract to her three brothers, the defendants, James A. Mabry, Creed Mabry and John Mabry, using the calls and distances of the Tennessee Valley Authority survey. On May 23, 1941, she conveyed the remainder of the thirty-seven acre tract to the Tennessee Valley Authority referring in the descriptive portions of the deed to "the Methodist Church Lot" and using the same calls as in the deed of May 8, 1941 to exclude one acre tract. The defendants shortly thereafter began to cut timber from the lot and the present suit was instituted.

Wilbur Maloney, seventy years of age, a member of the Swan Pond Methodist Church and a lifelong resident of the community, testified that he went to school in the old church house about 1885; that a complaint arose about the school children eating apples on the Mabry property; that he saw John M. Mabry, father of defendants, "run off a line" and that he inquired what he was doing to which Mr. Mabry replied that he was running off the "church property." According to this witness, John M. Mabry established corners at practically the same points as the Tennessee Valley Authority.

A deed of conveyance is not void for want of an adequate description of the property intended to be conveyed if it identifies the land with reasonable certainty. Smith v. Greaves, 83 Tenn. 459 and see Phoenix Mutual

Life Ins. Co. et al. v. Kingston Bank & Trust Co. et al., 172 Tenn. 335, 112 S. W. (2d) 381.

It may be said generally that a deed will not be declared void for uncertainty in description if, aided by parol evidence of extrinsic circumstances and conditions existing at the date of the deed, the property intended to be conveyed can be determined with reasonable certainty. 16 Am. Jur., 585, Deeds, Section 262. To effectuate the intention of the parties, the courts will apply the maxim, "That is certain which is capable of being made certain." Lieberman, Loveman & O'Brien v. Clark, 114 Tenn. 117, 141, 85 S. W. 258, 69 L. R. A. 732. And a deed will not be held void for uncertainty of the descriptive terms employed merely because, by reason of lapse of time, extrinsic evidence by which the uncertainty might be relieved is unavailable. Nixon v. Porter, 34 Miss. 697, 69 Am. Dec. 408; Westbrook v. Rhodes, 92 Okl. 149, 218 P. 873.

A subordinate rule may be said to exist with respect to a quantity of land to be carved out of a larger boundary. The authorities make clear that a deed is not void which purports to convey, out of a larger tract presumably owned by the grantor, a stated number of unlocated acres bounded or to be bounded by general specifications. Schenk v. Evoy, 24 Cal. 104; Simpson v. Blaisdell, 85 Me. 199, 27 A. 101, 35 Am. St. R. 348; Dull v. Blum, 68 Tex. 299, 4 S. W. 489; Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; Turner v. Hunt, 131 Tex. 492, 116 S. W. (2d) 688, 117 A. L. R. 1066.

Such a deed may serve as the foundation of title to a particular tract where it appears that after the delivery of the deed the parties surveyed out a particu-

lar tract as passing to the grantee, or that the grantee with the acquiescence of the grantor appropriated and took possession of a certain tract. Simpson v. Blaisdell, supra.

We think counsel for defendants erroneously assumed that the intention of the grantor was to place the Church house immediately in the center of the tract conveyed. The language is 'as near the center as possible so that no part of the swamp north of said house is the acre . . .''. Two general specifications are laid down: (1) that the house should be as near the center as possible but only if (2) that could be done and still not enclose any part of the swamp. We cannot know now, one hundred years later, the exact confines of the swamp at the time the deed was executed. It is certain, however, that the successors in interest of the grantor, by their conveyance of all the surrounding property to the Tennessee Valley Authority, have made any different location of the tract impossible without disturbing the rights of their grantee.

As appears from the testimony of Maloney to which we have referred, the church lot was surveyed by defendants' father, who was also their predecessor in title, to settle a dispute. It was again surveyed by the Tennessee Valley Authority before defendants purchased and each time the corners were fixed in the same or substantially the same location. The church is satisfied with this location of the lines. The deed was not void as we have seen. Some rights passed to the Church under it and defendants by conveying the surrounding property have made it impossible for the Church lot to be located elsewhere without disturbing the possession of Tennessee Valley Authority. By their acts defendants and their

predecessors have construed the deed to the Trustees to convey the property claimed in the bill.

There is no better test of the intention of an instrument than the construction placed upon it by the parties. Staub v. Hampton, 117 Tenn. 706, 741, 101 S. W. 776; Hayes v. Ginocchio, 6 Tenn. App. 677.

It is insisted the description is inadequate because the state and county are omitted. The deed recites in the caption that all of the parties are of Roane County Tennessee, and the property is described as surrounding the Methodist Church South on the North fork of Swan Pond Creek. We think the deed affords a sufficient means of location and identification. Kirschner v. Feegenbaum et al., 180 Tenn. 476, 176 S. W. (2d) 806.

Numerous other grounds for reversal are urged in the brief. To consider each would unduly extend this opinion. We have found none of them meritorious and the decree will be affirmed and the cause remanded at defendants' cost.

Hale and Howard, JJ., concur.