# LAMOILLE COUNTY.

## APRIL TERM, 1842.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
"       STEPHEN ROYCE,   } *Assistant Justices.*
"       MILO L. BENNETT, }

SAMUEL A. WILLARD, Administrator of the estate of AARON FARMER *v.* AMOS STRONG and ELEAZER STRONG.

If two persons own different portions of the same lot, either in common or severalty, and one pays a land tax on the part he owns, and the other suffers his part to be bid off at vendue and takes a vendue title, he thereby acquires a title only to the land he previously owned, and if his interest had been previously severed, in fact, such vendue title does not again make him a tenant in common.

EJECTMENT, to recover the seizin and possession of two hundred acres of land in Hydepark, being the third division set to the right of William Reed.

Plea, not guilty. Issue to the court.

On the trial in the county court, it was admitted that the title of Reed to the land had come to Farmer, the plaintiff's intestate, and that the defendant, Eleazer Strong was in possession under Amos Srong, the other defendant, at the time of the commencement of this suit.

The defendants gave in evidence a deed from Farmer to Fanny Phillips, wife of George Phillips, dated March 7,

LAMOILLE,
April,
1842.

Willard adm.
of Farmer
*v.*
Strongs.

1822, conveying seventy-five acres of the right of said Reed, the original grantee, " to be of an average quality with the land in said tract ;"—also a deed from George Phillips to Breed Noyes, dated April 21, 1831, conveying to Noyes seventy-five acres of land, describing it as the same land conveyed by Aaron Farmer to Fanny Phillips on the 7th day of March, 1822, and as " being the same farm where I have lived for more than six years past, and now live ;"—also, a deed from said Noyes to Amos Strong, one of the defendants, dated February 4th, 1832, conveying the same land deeded by Phillips to Noyes ;—also a deed from Abner Flanders, collector of a land tax, granted in 1831, to said Noyes, dated July 22, 1834, conveying " seventy-five acres of the third division of William Reed," in Hydepark. The vendue title, under Flanders, was admitted to be legal to convey the land described in Flanders' deed to Noyes.

The plaintiff then read in evidence a receipt from said Flanders, as collector, to the plaintiff, as administrator of Farmer, of the four cent tax on one hundred and twenty-five acres of the third division of the original right of William Reed, in Hydepark, granted at the session of the legislature held in 1831.

The defendants contended that they were entitled to hold the land deeded to Fanny Phillips, and seventy-five acres more under the deed of Flanders, as collector. But the county court decided that the vendue title, under Flanders' deed to Noyes, must be taken to apply to the seventy-five acres conveyed to Fanny Phillips by the plaintiff's intestate, and rendered judgment for the plaintiff to recover the remaining one hundred and twenty-five acres of the right of Reed. The defendants excepted to the decision.

After argument by *J. Sawyer*, for the defendants and *Willard & Poland* for plaintiff,

The opinion of the court was delivered by

WILLIAMS, Ch. J.—But one question legitimately arises on the bill of exceptions in this case, although another has been argued. The defendants contend that they are entitled to hold the seventy-five acres deeded to Fanny Phillips by Farmer, and also seventy-five acres more, as deeded to him

LAMOILLE,
*April,*
1842.

Willard adm.
of Farmer
*v.*
Strongs.

by the collector, Flanders, and requested the county court so to decide. This they now insist upon, and also, that they were tenants in common with the plaintiff, and that no ouster was shown. It is very clear that the request of the defendant could not have been complied with. The plaintiff paid the tax on the whole right, except seventy-five acres, and Noyes could have acquired a title to only seventy-five acres. It was his duty to pay the tax, as it was an incumbrance on the land when he sold to Strong. He acquires nothing against the plaintiff, by permitting the land to be sold for the tax, and being himself the purchaser. The county court were, therefore, right in refusing the request of the defendants and permitting a recovery by the plaintiff of all but the seventy-five acres, if they had sufficient evidence of an ouster by the defendants, and whether they had such evidence or not does not appear in the bill of exceptions. It may be remarked that, by the deed from Farmer to Fanny Phillips, she became the owner of seventy-five acres in common with him, and that a division or partition in fact had been made between them, more than fifteen years before the commencement of this suit. Phillips, at the time he deeded to Noyes, describes the seventy-five acres, as a farm on which he had lived for more than six years. The payment by the plaintiff of the tax on one hundred and twenty-five acres, could only be applied on the land he owned, which was precisely that quantity of land in that division, and this left the other seventy-five acres for Noyes either to pay or bid off. But, in either case, his payment, or bid could only apply to the land he owned, and whether it was in common or in severalty would not justify him in entering upon the other part of the lot to the exclusion of the plaintiff. The judgment must, therefore, be affirmed.