# COUNTY OF ESSEX,

### AT THE

## AUGUST TERM, 1858.

---

PRESENT,

HON. MILO L. BENNETT,
HON. ASA O. ALDIS,      } ASSISTANT JUDGES.
HON. JOHN PIERPOINT,
HON. JAMES BARRETT.

---

## SARAH SHEAFE *v.* TABITHA WAIT.

### *Deed.   Tax sale.*

A tax collector's deed of land sold by him at public vendue, which describes the land simply as so many acres of a certain lot, passes an undivided interest in such lot equal to the proportion which the number of acres sold bears to the whole number of acres in the lot.

EJECTMENT for lot number eighteen of the third division in the town of Brunswick, containing seventy-two acres. Plea, the general issue, and trial by the court, at the March Term, 1858,— POLAND, J., presiding.

The facts in the case sufficiently appear from the opinion of the court.

The county court rendered judgment that the plaintiff recover of the defendanl all of the lot in question, except thirty-six acres thereof undivided, to which the plaintiff excepted.

————, for the plaintiff.

*E. A. Cahoon,* for the defendant.

The opinion of the court was delivered by

ALDIS, J. Lot number eighteen in the third division of lands in Brunswick, containing seventy-two acres, was drawn to the right of Mark H. Wentworth, under whom the plaintiff claimed as heir.

The defendant, under William Wait, claimed title to thirty-six acres (undivided) of the lot, by virtue of a deed from Henry Shoff, collector of a land tax, to William Wait; the thirty-six acres having been sold at vendue. The title under the tax and vendue was admitted to be good and legal, unless the sale and deed from the collector was invalid.

The records show that William Wait, claiming to own an undivided half of the lot by deed from the proprietor, paid the tax on thirty-six acres before sale; and bid off thirty-six acres at vendue. The collector, by deed, conveyed the thirty-six acres so sold at vendue, simply describing the part as " thirty-six acres of the lot." The record of the sale shows a sale of thirty-six acres, without any other description.

The plaintiff objects that the sale and deed should have been of a fractional or proportional part of the lot, and that, as it is, it purports to be a sale and deed of the thirty-six acres in severalty, and without any definite limits, and so void for uncertainty. Clearly, the deed does not convey land in severalty. No particular piece of thirty-six acres is described; no metes and bounds are given. The conveyance must be regarded as a deed of an undivided

interest, or else be void.    If the deed had been expressed thus:
"thirty-six acres of undivided land in said lot," no question could
have arisen but that it would have been a grant of undivided land
to be held in common.    In the absence of any words indicating
that a piece in severalty was granted, we can not presume that a
severance was intended.    We are rather to presume that the party
was to hold it according to the title by which it was held before the
sale, and as that was a tenancy in common, the conveyance must
be presmmed to be of an interest in common.    The words, "thirty-
six acres of said lot" must be construed to mean an undivided
interest in the lot in the proportion that thirty-six acres bears to
the whole number of acres in the lot.

If we regard the rules that control the exposition of deeds, we
can have no doubt on this point.    It must have been the intent of
the parties.    If we accept a contrary construction, the sale and
deed would be void; and the rule is, that deeds should be construed
so as to be upheld, rather than avoided.

It is believed that it has been the universal practice at these
vendues of lands, to sell, as in this case, by the acre, rather than
by fractional parts, and to deed by a like description.    Probably
there is not a vendue title in the state that would not be defeated
by such a decision as the plaintiff claims.    So general a practice
should be considered in giving a construction to the words of the
deed.

When we consider the object of the collector's sale, viz: that it
is merely a proceeding to collect the tax, it is apparent that it was
never intended that his proceedings should be construed so as to
affect the character of the title (whether in severalty or in common)
as previously existing among the owners.    If the land is redeemed
then the owners or claimants are remitted to their rights and titles
wholly unaffected by the tax.

If one part of a lot is redeemed by the owner, and the other
half is sold; if he who redeemed owns his half in common with
the whole lot, he continues to stand upon his title unaffected by his
tax; he who buys must be held likewise to buy or hold the
other half in common, and according to the title of the owner
whose right he purchased.    That is this case.    By the sale of the
collector the ownership may pass from one to another, but the pur-

chaser thereby gets no greater or different right than the former owner had before the sale. He will get the land he buys, in severalty or in common, as the former owner held.

The case of *Willard, Admr.* v. *Strong et al.* 14 Vt. 532, tends to confirm the views which are here expressed.

The judgment of the county court is affirmed.