AARON P. SMALL *vs.* JAMES W. JENKINS.

Proof of an oral agreement made between the grantor and grantee, after the delivery of a deed containing covenants of warranty against all incumbrances, concerning the removal of certain existing incumbrances, is not incompetent as tending to contradict the deed.

At the trial of an action on a promissory note, there was evidence that the plaintiff had signed and delivered certain deeds of land, which the presiding judge erroneously ruled to be void, in consideration for other lands purchased by him of a third party with covenants of warranty against all incumbrances; that these lands were at the time subject to a mortgage, which the grantor undertook to get discharged, but which had not been discharged at the time of the trial; and that the plaintiff subsequently agreed orally to take the note in suit, instead of the discharge of this mortgage. The presiding judge refused to instruct the jury that there was no evidence in the case, other than the note itself, tending to show a consideration for it; and instructed them that if the note was given and accepted in satisfaction or partial satisfaction of the claim for damages on the covenant against incumbrances in the deed to the plaintiff, he might recover. *Held,* that the defendant had no ground of exception.

A deed by a tenant in common of a certain number of acres in a tract of land described as undivided, in which his share equals a larger number of acres, is a valid conveyance of the specified proportion of the whole tract.

ACTION OF CONTRACT upon a promissory note for $1802, dated April 1st 1857, payable in one year to James Coombs or order, and by him indorsed to the plaintiff. The answer admitted the making of the note, but denied any consideration.

At the trial in the superior court before *Russell,* J. it was admitted that the note was open to the same defences as it would have been in the hands of Coombs.

Coombs testified that in November 1856, in behalf of himself and the plaintiff, he agreed to purchase of Larkin Smith a house in Worcester for $3500, to be paid for by a conveyance of seventeen hundred and fifty acres of land in the State of New York, and received from Smith a warranty deed of the same,

containing the usual covenants; that the house conveyed by Smith was subject, at the time, to two mortgages, and it was agreed that Smith should have until the 1st, afterwards extended to the 4th, of April 1857 to get them discharged; that before the expiration of this time Smith offered to give to Coombs the defendant's note for the amount of one of the mortgages, (which with interest was equal to the note sued on,) leaving it undischarged, and that Coombs accepted the offer, and met the defendant by appointment, at Smith's office, and the defendant then signed and delivered to him this note, and he delivered to Smith deeds, signed by the plaintiff, of fourteen hundred and sixty seven " acres of land undivided, and known · or distinguished as the southerly half part of township numbered eight, called Hollywood, in the county of St. Lawrence, and State of New York," which township contained a little more than fourteen thousand acres, of which the plaintiff and Coombs each owned one undivided fourth part. It also appeared that similar deeds of two hundred and eighty three more acres had been delivered to Smith.

After Coombs had testified to his receipt of the deed from Smith to himself and the plaintiff, the judge, against the defendant's objection, allowed the plaintiff to ask Coombs what arrangement, if any, was made about incumbrances upon the estate in Worcester.

The judge ruled, at the defendant's request, that the deeds of the land in New York were void, and were no consideration for the note; but refused to rule that there was no evidence in the case, other than the note itself, tending to show a consideration for it; and instructed the jury that if the note was given and accepted in satisfaction or partial satisfaction of the claim for damages on the covenant against incumbrances in Smith's deed, the plaintiff might recover. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. F. Hoar*, ( *C. Devens, Jr.*, with him,) for the defendant.

*D. Foster*, for the plaintiff.

MERRICK, J. After all the evidence on the part of the plaintiff had been introduced upon the trial, the defendant con-

tended, and requested the court to rule, that there was none hav‑ ing any tendency to show any consideration for the note declared on, other than what resulted from the note itself. This was refused. And certainly, under the circumstances in which the request was made, it could not with any reason have been com‑ plied with ; for as is distinctly shown in the bill of exceptions, James Coombs, who was produced as a witness by the plaintiff, had testified that the bargain was that he and Small were to have for the New York lands conveyed by them the note de‑ clared on, and the real estate in Worcester, of which a deed was made to them by Larkin Smith. According to this testi‑ mony, the conveyance of the New York lands constituted the consideration of the note.

Upon his cross-examination by the defendant, he was inquired of by the plaintiff, " what arrangement, if any, was made about incumbrances " upon the estate in Worcester. This was ob‑ jected to by the defendant, on the ground that the plaintiff could not contradict the deed by oral testimony. But the court allowed the question to be put. The principle stated in the objection is undoubtedly correct ; but it has no application to the interroga‑ tory proposed to the witness. The object of the inquiry was not in any degree to bring out an answer which would tend to vary or contradict anything contained in the deed, but only to show in what manner the parties had, after its execution, agreed between themselves to adjust and settle their respective rights under the grantor's covenants of warranty and against incum‑ brances. For this purpose the evidence sought for was clearly admissible.

The ruling of the court, that if the note was given and accepted in satisfaction or partial satisfaction of the claim for damages on the covenant against incumbrance, in Smith's deed to the plaintiff, he was entitled to recover its contents in this action, was certainly unobjectionable, if it appears that the deeds of the New York lands did in fact convey to the grant‑ ees a good and sufficient title thereto. And that they had this effect, though it was otherwise held by the presiding judge upon the trial, appears to us to be very plain. The objection

is, that a deed purporting to convey a certain and specific number of acres in a tract of land of which the grantors were owners only as tenant in common with others, is inoperative and void. It appears from the bill of exceptions that Coombs and Small each owned an undivided fourth part of land containing more than 14,000 acres in common with several other persons, and that no share in the same had ever been set off in severalty. The deed describes the land as "undivided, and known and distinguished as the southerly half part of township numbered eight, called Hollywood, in the county of St. Lawrence and State of New York." As the half township contained at least 14,000 acres, and as they owned one half of it in common, a conveyance of 1750 acres was a much smaller proportion of the tract than they had a perfectly good right to convey. Instead of expressing in the deed in express words or terms the part or proportion of their interest which they intended to convey, this was done indirectly, but just as intelligibly and effectually, by a conveyance of a specified number of acres. They conveyed 1750 acres undivided; so that, if the whole tract consisted of 14,000 acres, the conveyance was of $\frac{1750}{14000}$ parts of it. *Gibbs* v. *Swift*, 12 Cush. 393. *Jewett* v. *Foster*, 14 Gray, 495. *Battel* v. *Smith*, 14 Gray, 497.

*Exceptions overruled.*