PETER McCAUL, Defendant in Error, v. JACOB KILPATRICK, Plaintiff in Error.

1. *Lands and land titles — Tenant in common, title under.*— The conveyance of "one-fourth" of a tract of land, without designating by metes and bounds, or otherwise locating the part conveyed, vests in the grantee and those claiming under him the title to one undivided fourth of the whole tract, as tenant in common with the grantor; and the grantee can not obtain partition of the

McCaul v. Kilpatrick.

tract and locate his interest without legal process or consulting his co-tenant. This could only be done where the deed was open to construction as to what particular portion of the tract was meant to be conveyed, or where it might be held to inure in different ways. But the case supposed would be no subject for construction or the application of the doctrine of inurement.

### Error to Fifth District Court.

*D. J. Heaston*, for plaintiff in error.

I. The deed from defendant to Dodge had the effect to make Dodge and those claiming under him tenants in common. (Adams v. Frothingham, 3 Mass. 352; 1 Washb. Real Prop. 416, " Tenants in Common," § 3; Co. Litt., § 299; Pipkin v. Allen, 29 Mo. 229.)

II. One tenant in common can not maintain trespass against his co-tenant for injury to the joint estate. (4 Kent's Com. 370, 411, 9th ed.)

III. One tenant in common can not select and hold, or convey by metes and bounds, a distinct portion of the estate, because the same would prejudice his co-tenant, or hold his co-tenant out of the possession. (4 Kent's Com. 408, 9th ed.; 1 Washb. 417; 2 Washb. 417; 1 Greenl. Cruise's Dig. 402, note 1; Prim *et al.* v. Walker, 38 Mo. 94, and authorities cited on pp. 97–8; Bartlett v. Harlow, 12 Mass. 348; Duncan v. Sylvester, 24 Me. 482; Griswold v. Johnson, 5 Conn. 363; Dorn v. Dunham, 24 Texas, 366; Whitton v. Whitton, 38 N. H. 127; Allen v. Hall, 50 Me. 253; Waite v. Richardson, 33 Verm., 4 Shaw, 190.) Even if a tenant in common would have the right to select certain parts of the common property, it would be necessary to make some record of such selection, and give notice of such selection to his co-tenant. Nothing of the sort was done in the case at bar.

*Howell & Harrington*, for defendant in error.

I. Defendant in error had a right to elect in what part of the tract of land particularly described in the deed to him he would take the one-fourth part conveyed to him; and when he made the election it was binding and conclusive upon plaintiff in error, and defendant in error became the exclusive owner. (See Blackw.

Tax Tit. 382–3 ; 9 East, 15 ; 4 Wend. 58 ; 2 Smith's Lead. Cas. 448 ; Jackson v. Hudson, 3 Johns. 375 ; Jackson v. Blodgett, 16 Johns. 172 ; Jackson v. Gardner, 8 Johns. 394 ; Clint. Dig. 931, § 225 ; *id.* 917–18, §§ 81–2.)

II. Ownership draws to it the possession, there being no actual adverse possession, and constructive possession is sufficient to sustain this action (2 Greenl. Ev. 614 ; 1 Hill. Torts, 942, § 5, note *c* ; *id.* 522, § 19), but defendant in error was in actual possession. (1 Hill. Torts, 523, § 19.)

III. The general rule, that one tenant in common can not maintain trespass against another in common, does not apply ; for on the survey and election by defendant in error, the parties ceased to be tenants in common if they ever had been such, and defendant in error became the exclusive owner. (See authorities above cited.)

IV. If the grantor had not the right of election in such a case, he would be put to the trouble and expense of a partition suit to determine and obtain his rights. He would be exposed to the hazard of entirely losing the land, the particular thing he might want and had bargained for, for the land itself could doubtless be sold under the report of the commissioners. This court will not expose a grantee to such delay, expense, and hazard for the fault of the grantor. (See authorities above cited.)

CURRIER, Judge, delivered the opinion of the court.

This is an action of trespass *quare clausum*. It appears from the agreed case which was read in evidence to the jury that the plaintiff acquired from the defendant, through several intermediate conveyances, title to one-fourth of a twenty-acre tract of land ; the particular fourth not being specified in the conveyances. The agreed case further shows that the plaintiff, subsequently to his acquisition of title, "procured the county surveyor, and marked out and selected five acres in the southwest corner of said twenty acres, in the absence and without the knowledge or consent of the defendant." After this the defendant entered upon the five acres so selected and removed some fence rails, and that is the trespass complained of.

The case shows that the parties were tenants in common. The original conveyance of one-fourth of the twenty acres, without designating by metes and bounds, or otherwise localizing the part conveyed, vested in the grantee the title to one undivided fourth of the whole tract, as tenant in common with the grantor; and those who subsequently acquired the grantee's title assumed the same relation to the remaining three-fourths of the title as the original grantor originally held. (Pipkin v. Allen, 29 Mo 229; Adams v. Frothingham, 3 Mass. 352; Jackson v. Livingston, 7 Wend. 136; 1 Washb. Real Prop. 563, 8th ed.)

The parties being tenants in common, how could the estate be partitioned between them? At common law, one tenant in common could not enforce a division of the estate against his co-tenant, in opposition to the latter's will. In England a partition is effected through chancery, but in this country the subject is generally regulated by statute. (1 Washb. Real Prop. 580.) Our statute points out the steps to be taken in effecting the separation of joint estates.

But the plaintiff claims the right to make partition without legal process, and without consulting his co-tenant. This supposed right is founded on the defendant's original deed, which failed to locate the fourth part of the twenty acres in a body by itself. The grantee, it is therefore claimed, and those claiming under him, acquired the right to locate the five acres in any way most advantageous to them, and upon the principle that a deed is to be construed most strongly against the grantor, and also upon the ground that where a deed may inure in different ways the grantee may take it in that way which shall be most beneficial to him. Jackson v. Hudson, 3 Johns. 374, and Jackson v. Blodgett, 16 Johns. 172, and other similar cases, are cited and relied upon as supporting the views contended for. The principle declared in these cases is correct, but has no application to the case at bar. The deed in question is not open to construction. There is no doubt about its meaning or effect; nor can it inure in different ways. The doctrine of inurement has no application to the instrument. The deed vests in the grantee directly an inde-

feasible title in fee simple to one undivided fourth part of the twenty acres, as a tenant in common with the grantor.

In Jackson v. Livingston, 7 Wend. 136, it was decided, where a deed granted 600 acres of land, to be surveyed or taken off from a larger tract, and by the terms of an instrument referred to in the deed, the tract was to be divided into lots of 100 acres each, and an election of lots was given to the grantees, which they subsequently made, and followed up by possession, that such election and possession under the deed operated as a parol partition, although the grantees were tenants in common with the owners of the larger tract. But that is not this case. The radical difference between the two is sufficiently manifest not to require pointing out.

The view we have taken of the case disposes of it, and renders unnecessary any reference to the other points noted in the briefs of counsel. It is not claimed that one tenant in common can maintain trespass against his co-tenant for an entry upon and enjoyment of the common property. (4 Kent, 421, 10th ed.)

The judgment will be reversed and the cause remanded. The other judges concur.