STEVENS *v.* JOHNSON.     { MARCH 12, 1875.

A collector's deed described the premises sold by him for non-payment of taxes as "one hundred acres of the third division of the original right of Samuel Sherburn, No. 180, be the same more or less." The lot contained two hundred acres. The grantee in the collector's deed conveyed to one B, using the same description. *Held,* that although the deed of the collector was void for uncertainty, yet the deed of his grantee furnished color of title to B, under which he could enter and claim an undivided half of the whole lot.

B conveyed by deed to K, the description of the land conveyed being as follows: "All my right, title, and interest in and to the following tract or parcel of land situate in S. aforesaid, to wit, one hundred acres of the third division of the original right of Samuel Sherburn, No. 180, be the same more or less," "being the same premises conveyed to me by

J. M., dated Sept. 1st, 1851, intending hereby to convey what was conveyed to me by said deeds, no more and no less, and however otherwise described; references being here made to said deed." *Held*, that the last clause purports to be an additional description of the premises conveyed.

TRESPASS, *quare clausum*, for breaking and entering the plaintiff's close in Stratford, on the first day of January, 1866, with a *continuando*, and cutting and carrying away the plaintiff's wood and timber therefrom. Plea, the general issue, and a license as to one pine tree, cut in 1868. The close in question is lot No. 180 of the third division of the original right of Samuel Sherburn, and contains two hundred acres of land. The lot is uncleared, being a wood or timber lot. The plaintiff read in evidence the following conveyances: (1) Orrin D. Kimball to the plaintiff, dated January 11, 1862, which describes the land as follows: "Also all my right, title, and interest in and to the following tract or parcel of land situate in Stratford aforesaid, to wit, one hundred acres of the third division of the original right of Samuel Sherburn, No. 180, be the same more or less, being the same premises conveyed to said John M. Barnard by Joshua Marshall, Sept. 1st, 1851, intending hereby to convey the same premises sold and conveyed by said Barnard to said Kimball May 31st, 1859." (2) John M. Barnard to Orrin D. Kimball, dated May 31, 1859. The description of the land conveyed is precisely the same as above, with this addition, after referring to the deed of Joshua Marshall to said Barnard, dated September 1, 1851,—" intending hereby to convey what was conveyed to me by said deeds," no more and no less, and however otherwise described; references being here made to said deed. (3) Joshua Marshall to John M. Barnard, dated September 1, 1851, describing the land as one hundred acres of the original right of Samuel Sherburn, No. 180, be the same more or less. (4) Jonathan Rolfe, collector of Stratford for 1849, to Joshua Marshall, dated January 27, 1851, giving the same description of the land conveyed.

It did not appear that said Rolfe's land sale was a legal one. The plaintiff also gave in evidence, subject to exception, (1) deed of John Trull to John M. Barnard, dated November 25, 1844, conveying one half part of the third division of the original right of Samuel Sherburn, numbered one hundred and eighty, estimated at one hundred acres; (2) deed of Guy C. Cargill to John Trull, dated August 29, 1842, conveying—same description; (3) deed of Thomas Beech, collector of Stratford for the year 1818, to Guy C. Cargill, dated March 6, 1820, conveying the whole of said lot. It did not appear that said Beech's sale of said lot to Cargill was a legal one.

The plaintiff gave evidence tending to show that John M. Barnard, in September, 1851, went on to said lot 180, in company with Marcus D. Johnson, made some examination of it, found some of the lines, and paid taxes on it through Mr. Johnson as agent. From that time until

he conveyed it to said Kimball he claimed to own an undivided half of the lot. It did not appear that he was ever upon the lot at any other time. It did not appear that said Kimball had ever been upon said lot. The plaintiff also gave evidence tending to show that the defendant, who owned the lot adjoining on the south, during the winter of 1869 and 1870 cut and hauled from the southerly side of lot 180 about forty thousand feet of spruce logs; and also that the defendant, about the middle of January, 1871, cut and hauled from the same locality on lot 180 about a hundred and ninety-seven thousand feet of spruce logs, and converted the whole to his own use. The defendant introduced in evidence a deed from Hiram Lucas to himself, dated January 10, 1871, conveying the whole of said lot 180 to himself. This, as well as the deeds above referred to, introduced by the plaintiff, was a quitclaim deed. It did not appear that said Lucas had any legal title to said lot. The defendant's counsel seasonably moved for a nonsuit, on the ground that the conveyances to the plaintiff were void for uncertainty, which was denied *pro forma* by the court, and exception taken. The defendant also claimed that the plaintiff was not entitled to recover in this action for any of the last winter's cutting, on the ground that it wholly occurred after the defendant received his deed from Hiram Lucas as aforesaid (which was the fact); but the court overruled the objection, and exception was taken.

The court ordered a verdict for the plaintiff, and only submitted the question of damages to the jury, to which the defendant excepted. It was agreed that if the plaintiff was entitled to recover at all, it should be one half the value of the timber cut by the defendant. Verdict for the plaintiff, which the defendant moved to set aside on the grounds aforesaid.

Case reserved.

*Burns & Heywood*, for the plaintiff.

*Ray, Drew & Heywood*, for the defendant.

*Smith, J. Barnard, in 1851, entered upon lot No. 180, exercised acts of ownership, and claimed title to an undivided half from that time till he conveyed to Kimball in 1859. It does not appear that Lucas, who conveyed to the defendant in 1871, had any color of title or any possession to warrant his conveyance to the defendant. The mere fact of an entry under color of a conveyance from one who does not appear to have had either a title or possession which would furnish a decent pretext for making it, cannot place the defendant in any better situation in this respect than he would have been in had he entered without a deed. *Cobleigh* v. *Young*, 15 N. H. 503. As Barnard, then, under whom the plaintiff claims, entered in 1851, and the defendant entered in 1871, Barnard's priority of entry shows the better right, and the

---

* Ladd, J., having tried the case at *nisi prius*, did not sit.

plaintiff is entitled to recover in this suit. Possession is evidence of seizin against a party having no title. *Wells* v. *Iron Co.*, 48 N. H. 530.

But the plaintiff does not rest his title to these premises upon mere naked possession. He has shown in evidence two chains of title, one from the sale and conveyance by Beech, as collector of taxes for the year 1818, and the other from the sale and conveyance by Rolfe, as collector of taxes for the year 1851. Both these titles were merged or united in Barnard September 1, 1851. The deed from Rolfe describes the premises as " one hundred acres of the third division of the original right of Samuel Sherburn, No. 180, be the same more or less." The deed from Beech conveys the whole lot.

The defendant claims that the deed from Barnard to Kimball, the plaintiff's grantor, conveys only the interest or title which Marshall conveyed to Barnard, and that the deed from Rolfe to Marshall is void for want of certainty in the description ; and, consequently, that Marshall conveyed nothing to Barnard and Barnard nothing to Kimball. The principal question therefore is, What did Barnard by his deed convey to Kimball ?

The plaintiff's position is, that as the lot contains two hundred acres, and as Rolfe's deed conveyed only one hundred acres, he conveyed a proportionate part of two hundred acres, or an undivided half,—and cites *Mills* v. *Catlin*, 22 Vt. 98, and *Sheaf* v. *Waite*, 30 Vt. 735, where the rule between a collector and his grantee is said to be held the same as between individuals. It has been held otherwise in this state. A collector's deed is void for uncertainty. " He must sell a tract in certainty, and cannot give to the bidder any election." *Harvey* v. *Mitchell*, 31 N. H. 583 ; *Haven* v. *Cram*, 1 N. H. 94 ; *Bean* v. *Thompson*, 19 N. H. 295. But we are not called upon to inquire whether the rule as thus settled in this state is erroneous, for I am of the opinion that Barnard conveyed to Kimball all his right, title, and interest in the premises, which of course included whatever interest he acquired under his deed from Trull. It would be remarkable that Barnard, claiming an undivided half of the premises under Beech, and the same undivided half under Rolfe, should undertake to convey only the title acquired from the latter, and retain the title received from the former. "In construing a deed, proof is admissible of every material fact that will help to identify the person or thing intended, or which will enable the court to put themselves as near as may be in the position of the parties, and especially of the grantor, and the court will then construe the deed so as to give effect to that intention, when they can find enough in the deed to identify the land." *Swain* v. *Saltmarsh*, 54 N. H. 9. It appears that the consideration paid by Barnard to Trull for the deed of November 25, 1844, was four hundred and eighty dollars, while the consideration paid by him to Marshall for the deed of September 1, 1851, seven years later, was twelve dollars and seventy-six cents. It would seem from this fact, as the plaintiff has argued, that Barnard in fact claimed under his prior deed from Trull, and merely took the deed

from Marshall to prevent any claim being set up against his title; that it was not taken as a purchase of a valid title, but merely to quiet any claim under the tax sale made by Rolfe. Besides, if Barnard undertook to reserve whatever title he acquired from Trull, the question at once arises whether he is not estopped to deny that his deed conveyed the whole of his interest in the premises.

The description in the deed from Marshall to Barnard is the same as in Rolfe's deed, viz., "one hundred acres of the third division of the original right of Samuel Sherburn, No. 180, be the same more or less." As the whole lot contained two hundred acres, and he undertook to convey one hundred, he conveyed a proportionate part of two hundred acres, to wit, one undivided half, and Barnard became tenant in common with the other owner of the lot. *Great Falls Co.* v. *Worster*, 15 N. H. 454. · Keeping this in view, let us proceed to examine the description in Barnard's deed to Kimball. It is as follows: (1) "All my right, title, and interest in and to the following tract or parcel of land situate in Stratford aforesaid, to wit, one hundred acres of the third division of the original right of Samuel Sherburn, No. 180, be the same more or less, (2) being the same premises conveyed to said John M. Barnard by Joshua Marshall, Sept. 1st, 1851, (3) intending hereby to convey what was conveyed to me by said *deeds*, no more and no less, and however otherwise described; (4) references being here made to said deed."

This description consists of four parts, the last three evidently intended to define and identify, and not to limit and restrict, the estate granted by the first clause. The description is to be construed so as to give effect to the whole of it if possible; but if there are conflicting descriptions in the deed which cannot be reconciled, that construction must be adopted which best comports with the intention of the parties and the circumstances of the case. *Bell* v. *Sawyer*, 32 N. H. 72; *White* v. *Gay*, 9 N. H. 126.

(1) All Barnard took from Trull was an undivided half, and that is exactly what Marshall's deed conveyed to him. Barnard, in his deed to Kimball, commenced the description as follows: "All my right, title, and interest in and to the following tract or parcel of land situate in Stratford aforesaid, to wit, one hundred acres of the third division of the original right of Samuel Sherburn, No. 180, be the same more or less." He thus declared his intention to be to convey all his right, title, and interest in and to said premises, which was an undivided half. There is no ambiguity in his language. It was *all* his interest. BELL, J., in *Drew* v. *Drew*, 28 N. H. 513, lays down the general rule, "that where the general description purports to be of *all or the whole* of any property described, any additional description apparently designed to apply to the same property, but which proves to be only partially true, will not be construed to restrict the grant to a portion of the property, but all will pass. It would be otherwise where the additional expressions upon their face purport to be qualifications or limitations of a preceding general description."

(2) The second part of Barnard's description is as follows: "Being the same premises conveyed to said John M. Barnard by Joshua Marshall, Sept. 1st, 1851." This sentence is used to identify the premises. Although the premises he was thus conveying to Kimball were the same that Marshall conveyed to him, *non constat* that they were not also the same premises that Trull conveyed to him. Inasmuch as Trull's conveyance was seven years prior to Marshall's, and as both conveyed the same premises, there is nothing in the second clause of the description that excludes the idea that it was not his intent to convey the title he acquired from Trull.

(3) " Intending hereby to convey what was conveyed to me by said *deeds*, no more and no less, and however otherwise described." If the word " deeds " was used here designedly, it is clear that Barnard had in mind the deed from Trull as well as the deed from Marshall; but if it was used by mistake for the singular number, his language can only mean that he conveys just the same interest in the premises that he acquired by Marshall's deed, to wit, an undivided half.

(4) " *References* being here made to said deed." The plural " references " would indicate that Barnard intended to refer to both deeds as showing that he intended to convey the title and interest that he acquired from both conveyances. It is the same idea expressed in the third section of his description, but expressed differently.

For these reasons it follows that Barnard conveyed to Kimball all his interest in these premises.

In September, 1851, he entered upon the premises, exercised acts of ownership, and claimed title to an undivided half till he conveyed to Kimball in 1859. Entering under color of title, he thus became seized of an undivided half of the premises according to his title. *Wells* v. *Iron Co.*, 48 N. H. 530. The conveyance by him, he being in the actual possession of the land under color of title, to Kimball, was equivalent to actual possession by Kimball. *Bailey* v. *March*, 3 N. H. 274; *Breck* v. *Young*, 11 N. H. 485. His quitclaim deed transmitted his possession to Kimball—*Edmunds* v. *Griffin*, 41 N. H. 530—and of course the deed from Kimball to the plaintiff transmitted to him the possession he received from his grantor.

The case thus far has been considered upon the defendant's theory, that Rolfe's deed being void for uncertainty in the description, he conveyed nothing to Marshall. But Marshall's deed undoubtedly furnished color of title to Barnard, under which he could enter and claim an undivided half of the whole lot. In *Minot* v. *Brooks*, 16 N. H. 374, it was held that " a conveyance by a quitclaim deed of all right and title which a party has under a collector's deed of certain lands is color of title, even if the collector's deed conveyed no interest." Lucas had no conveyance from any one under color of title or possession which would " furnish him with a decent pretext " for conveying to the defendant—*Cobleigh* v. *Young, supra;* but Marshall having purchased in good faith, from anything that appears, under the sale by Rolfe, for taxes, conveyed to Barnard, who, under color of the title thus

acquired from Marshall, entered upon the premises and exercised acts of ownership, and claimed title to an undivided half of the premises. " The color of title suffices only to give boundary to the possession. It is the adverse possession which shows the title." *Minot* v. *Brooks*, *supra*, 377, and authorities cited.

The plaintiff, having shown both the earlier and better title, must therefore prevail.

CUSHING, C. J. Thomas Beech, collector of Stratford for the year 1818, conveyed the whole of the lot to Guy C. Cargill, by deed dated March 6, 1820. This deed is definite and certain, and, according to the case of *Minot* v. *Brooks*, 16 N. H. 374, gave Cargill color of title to the whole lot. Cargill, by deed dated August 29, 1842, conveyed one half part of the same lot to Trull; and Trull, November 25, 1844, conveyed to Barnard one half part of the same lot. By virtue of these conveyances, Barnard obtained color of title to one undivided half of the lot. September 1, 1851, Barnard obtained from Marshall a deed conveying to him one hundred acres of the same lot. For the purposes of this case, it is only material, as will be seen hereafter, to ascertain what this deed conveyed to Barnard, without reference to its validity. The question is not whether Barnard got a good title, but what did he claim to hold by virtue of that deed ?

In Bacon's Abr., title " Grant," H. 3, it is said,—" If A, seised of a great waste, grants the moiety of a yard-land lying in the waste, without ascertaining what part, or the special name of the land, or how bounded, this may be reduced to a certainty by the election of the grantee ; but it is otherwise in the case of the king's grant, for there can be no election in that case, and therefore the grant is void for incertainty. So, if a man grant twenty acres parcel of his manor, without any other description of them, yet the grant is not void, for an acre is a thing certain, and the situation may be reduced to a certainty by the election of the grantee."

In *Haven* v. *Cram*, 1 N. H. 93, a constable's deed of " a certain tract of land, part of lot No. 300, containing 350 acres," was held to be void for uncertainty.

The court say,—" The deed of the constable is clearly void for uncertainty, unless it can be construed to be a grant of two hundred and fifty acres, to be located by the grantee at his election. In a common conveyance from one individual to another, the court would be warranted in putting such a construction upon a deed—Bacon's Abr., " Grant," H. 3—because every deed is to be construed most favorably to the grantee ; and therefore, to give effect to the conveyance, the deed is construed to give an election in such a case to the grantee to locate the land."

The court say, in substance, that the deed of an officer must be construed, like the deed of the king, strictly, and make this distinction between the deed of an officer and of a private person.

In *Canning* v. *Pinkham*, 1 N. H. 353, a farm containing one hundred

and four acres was conveyed,—"Twenty-four acres to R., to be in common and undivided, six acres to A., to be in common and undivided, and the remainder of the farm with the buildings to J"—held, that the deed was not void for uncertainty, but that a several estate in the buildings was conveyed to J. with $\frac{74}{104}$ of the land, $\frac{6}{104}$ to A., and $\frac{24}{104}$ to R.

A conveyance of "one fourth" of a tract of land, without locating the part conveyed, vests in the grantee a title to an undivided fourth part of the whole tract as tenant in common with the grantor; and the grantee can only obtain partition of the tract by legal process, or by agreement with his co-tenant. *McCaul* v. *Kilpatrick*, 46 Mo. 434. To nearly the same effect is *Small* v. *Jenkins*, 82 Mass. (16 Gray) 155. Applying the principle in the cases cited, it appears to me that Trull's deed to Barnard conveyed one undivided half of the lot; and that Marshall's deed to Barnard conveyed also one undivided half of the lot, with the right to elect what he would take.

It should be remembered that Marshall's deed is the deed of a private person and not of a collector, and what we are seeking now to ascertain is what the deed of Marshall purported to convey. Admitting that the collector's deed was void for uncertainty, still Marshall's deed was not, because the same terms from him, a private person, gave the right to elect.

It appears that in 1851, Barnard, after obtaining his deed from Marshall, entered upon the land, looked up the boundaries to some extent, and always afterward claimed to be the owner of one undivided half of the lot.

This is evidence that Barnard elected to cover, with his deed from Marshall, the undivided half conveyed by his deed from Trull. This fixes and identifies the land conveyed by Marshall as the same land conveyed by Trull, and there could be no better way of making the election than by taking possession, and no better way of proving the election than by showing such possession.

Barnard then conveyed to Kimball all the land conveyed by Marshall's deed to him, however described, *i. e.*, whether described as one hundred acres of the lot, as in Marshall's deed, or one half part of the lot, as in Trull's deed.

I think, therefore, that Kimball obtained from Barnard color of title to one undivided half of the lot, and the plaintiff obtained the same from Kimball, and this, together with Barnard's acts of possession, gave the plaintiff a sufficient title to enable him to maintain his action against the defendant, who shows no title.

I do not see that a deed to the defendant from a grantor, confessedly having no title, alters the matter.

FOSTER, C. J., C. C. I concur in the conclusion reached by my brethren in this case, and I agree with my brother CUSHING in his views concerning Barnard's right of election, and the manner of proving such election. Trull's deed to Barnard conveyed "one half part" of the lot,

and Marshall's subsequent deed to Barnard conveyed " one hundred acres of the same lot." Marshall's deed being that of a private person, Barnard had a right of location under it, and his entry and acts of ownership and the terms of his conveyance to Kimball, all taken together, indicate an election not only to consider Marshall's deed as conveying one undivided half of the premises, but as covering the same, that is, as conveying no more or other than was included in the previous conveyance of Trull.

<em>Exceptions overruled, and judgment on the verdict.</em>