No. 3173.—HARVEY S. LOSEE v. JOHN DE LACEY, Sheriff—WILLIAM J. BEATTY, Intervenor.

A judgment creditor who has caused the seizure of a plantation can not be required to release his seizure because an injunction has been granted against the sale of one undivided half of the place. In such a case he may cause the other undivided half, not enjoined, to be sold, and if the sale is to be made with benefit of appraisement, the one-half of the estimated value of the entire property is the proper basis on which the sale should be made. If the sale be made in this way the sheriff, on refusal, will be compelled by mandamus to make formal title to the one undivided half thus sold and put the purchaser in possession thereof.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborne*, J. *Wm. A. Seay*, for plaintiff and appellant. *J. G. White*, for defendant and appellee. *T. C. Manning*, for intervenor, appellee.

WYLY, J. The plaintiff alleges, that at sheriff's sale, under three writs of *fieri facias* against the defendant in execution, William J. Beatty, he became the purchaser of an undivided half of a tract of land belonging to the latter for the sum of $3666 66, an amount exceeding two-thirds of the appraised value thereof; that being the highest and last bidder, the property was adjudicated to him. He also avers that the sheriff refuses to make him a title to said property, although he duly tendered the price of the adjudication, and is ready, and always has been, to pay the money to him. On these averments he prayed for a rule on the sheriff, and at the trial thereof that he be ordered to make him a title to said property and put him in possession on paying the amount of his said bid, etc.

William J. Beatty, the defendant in execution, intervened and complained that his property had been adjudicated without a full observance of legal formalities; that the whole of his plantation, containing one thousand acres, was seized, advertised and appraised, notwithstanding which the sheriff offered for sale an undivided half thereof, and the plaintiff having bid " two-thirds of the one-half of the appraisement, claims to have title made to him;" that if the sheriff offered and adjudicated the undivided half of the plantation seized and advertised, he did an unlawful act, and discovering the illegality, he rightly refused to make title to the adjudicatee.

The prayer of the intervenor is, that the demand of the plaintiff be dismissed; that the sheriff be sustained in refusing to make title, and that the pretended sale be declared a nullity.

In answer to the rule of the plaintiff the sheriff states, that under the writs in his hands he seized the whole of the plantation and advertised it as an entirety for sale ; but subsequent to these proceedings, to wit: on the fifth of November, 1869, and a few hours before the sale, " he was enjoined from making the sale of the plantation according to the seizure and advertisement and appraisement then

already made, by virtue of a writ of injunction from and by this honorable court in the suit of L. A. Sauton, tutor, *v.* William E. Leverich and John De Lacey, sheriff, No. 1548 on the docket; that by this writ of injunction the sale of the undivided one-half of the plantation thus seized and to be offered for sale was inhibited; that your respondent, without reflection and ignorant of the legal consequences of this writ of injunction as affecting the said seizure and sale, and taking the appraisement of the whole plantation, which had been previously made as above stated, as the basis for the appraised value of the one undivided half thereof not enjoined as aforesaid, he did at the time and the place set forth in the advertisement above referred to, offer for sale under the seizure, the advertisement and the appraisement, the undivided one-half of the plantation, when the plaintiff herein appeared and made the last and highest bid, which bid exceeded two-thirds of the one-half of the appraised value of the property or the whole plantation; that immediately after these steps were taken your respondent was notified by parties in interest that the sale of the undivided one-half of this plantation could not be legally and rightfully made; that he could not legally sell the half when he had seized, appraised and advertised the whole, without commencing his proceedings anew;" that his refusal to comply with the plaintiff's demand, as set forth in the rule, was because he believed the sale was illegal and he did not wish to commit a wrong knowingly.

The court gave judgment rejecting the demand of the plaintiff, annulling the sale and sustaining the sheriff in refusing to make title to the adjudicatee.

The plaintiff has appealed.

We find in the record a copy of the appraisement, dated on the sixth of November, 1869, instead of on the fifth of the same month, as stated by the sheriff. This instrument shows that the defendant in execution, the intervenor in this proceeding, appointed one of the appraisers, and that the whole plantation, with its improvements, was appraised at "eleven thousand dollars ($11,000), one undivided half being five thousand five hundred dollars."

From the evidence we regard the appraisement as substantially correct.

The only question is, can the sheriff who has seized and advertised the whole of a plantation, after being enjoined from selling one undivided half, proceed to the sale of the other undivided half without making a new seizure and advertisement? We think that he can. We know of no law compelling a seizing creditor to release his seizure because part of the property seized by the sheriff has been enjoined and can not be sold pending the injunction. Besides, in this proceeding, neither the sheriff nor the intervenor has alleged and proved

an injury ; nor has it been shown that the property was adjudicated to the plaintiff for less than two-thirds of its appraised value or for less than its real value.

The authorities cited by the intervenor and the sheriff are not in point, and the judgment of the court below is manifestly erroneous.

It is therefore ordered that the judgment of the court *a qua* be avoided and annulled ; and it is now ordered that there be judgment for the plaintiff, making his rule absolute and requiring the sheriff to make to him a formal transfer of the property adjudicated to him and put him in possession thereof, on his paying the price of adjudication; and that the sheriff pay costs of this proceeding. It is further ordered that the intervention herein be dismissed and that there be judgment against the intervenor for the costs of the intervention ; and that appellees pay costs of this appeal.

Rehearing refused.