(71 South. 365)

No. 21620.

LISSO et al. v. WILLIAMS.

SAME v. SCHENBERGER et al.

(March 6, 1916. Rehearing Denied April 3, 1916.)

*(Syllabus by Editorial Staff.)*

1. EXECUTION ⟐219—SALES OF UNDIVIDED INTERESTS—VALIDITY—"UNDIVIDED."

A sheriff's sale of 65 acres in indivision under a writ of fieri facias under which an undivided one-third interest in 739 acres was seized and advertised for sale was not void, since, while a thing not seized cannot be sold, where the seizure is of an undivided interest, a smaller interest may be sold, and a sale of 65 acres undivided in 739 acres is equivalent to a sale of $65/739$, the qualifier "undivided" showing that no particular 65 acres is meant, but an interest of $65/739$.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 621; Dec. Dig. ⟐219.

For other definitions, see Words and Phrases, First and Second Series, Undivided.]

2. EXECUTION ⟐15 — NATURE OF WRIT — PROPERTY AGAINST WHICH ISSUED.

There is a clear distinction between the writ of seizure and sale and a fieri facias, the one writ addressing itself to specified property, and directing the sheriff to seize and sell the property thus specified, and no other, while the other addresses itself to the debtor's property in general, and its mandate to the sheriff is to cause the amount of the debt to be made out of the property of the debtor indiscriminately.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 37–40; Dec. Dig. ⟐15.]

3. EXECUTION ⟐219—SALES OF UNDIVIDED INTERESTS—VALIDITY.

A sale of 65 acres in indivision under a writ of fieri facias under which an undivided one-third interest in 739 acres was seized and advertised was not rendered invalid by the fact that the 739 acres consisted of three different tracts widely separated as the sale conveyed $65/739$ of each tract.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 621; Dec. Dig. ⟐219.]

4. EXECUTION ⟐222(3)—SALES OF UNDIVIDED INTERESTS—VALIDITY.

As a sale of 65 acres in indivision under a writ of fieri facias under which a one-third interest in 739 acres was seized and advertised amounted to a sale of a $65/739$ interest, there was no uncertainty or indefiniteness of the description under which the land was sold.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 632; Dec. Dig. ⟐222(3).]

O'Niell, J., dissenting.

Appeal from Eleventh Judicial District Court, Parish of Red River; W. T. Cunningham, Judge.

Actions by Sam Lisso and others against Mrs. Mary E. Williams and against S. P. Schenberger and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

F. S. Weis, of New Orleans, and Foster, Looney & Wilkinson, of Shreveport, for appellants. Blanchard, Smith & Palmer, of Shreveport, T. W. Nettles, of Coushatta, and Alexander & Wilkinson, of Shreveport, for appellees.

PROVOSTY, J. In a suit against a Mrs. M. E. Williams, Lisso & Bros., Limited, caused a writ of attachment to issue, and the one-third interest undivided of the said Mrs. M. E. Williams in 739 acres of land to be seized. The attachment was maintained, and the property seized was ordered to be sold to satisfy the debt. An ordinary writ of fieri facias then issued, and in execution of this writ the same undivided one-third interest of the said Mrs. Williams was

seized and was advertised for sale. On the day of the sale a Mrs. Haynes, who was claiming to be owner of a one-half interest undivided in the 739 acres of land, and a Mr. W. P. Haynes, who was claiming to hold a mortgage upon the said one-third interest undivided of Mrs. Williams, made a compromise with the said seizing creditor, Lisso & Bros., Limited, by which the seizure was released, except as to 65 acres in indivision, and W. P. Haynes' mortgage upon this 65 acres in indivision was canceled, and this 65 acres in indivision was sold at the sheriff's sale, and was bought by the plaintiff in execution, Lisso & Bros., Limited, the authors in title of the plaintiffs in the present case. All this was done without obtaining the consent, and, so far as appears, without the knowledge, of the seized debtor, Mrs. Williams.

[1] The contention of the defendants in the present case is that this sheriff's sale was null, for the reasons: First, that the thing sold and the thing seized were not the same; second, that the sheriff was without authority to change for purposes of the sale the description under which he had seized the property; and, third, that the description under which the property was sold, namely, 65 acres in indivision in the land in question, was not sufficient to identify the thing sold.

Certainly a thing that has not been seized cannot be sold; but, where the seizure is of an undivided interest, say, for instance, a half, we do not see why a smaller interest could not be sold, say, a fourth. To illustrate, why, where the seizure is of a half interest undivided in 100 acres of land, equivalent to 50 acres undivided, a sale could not be made of a fourth interest, equivalent to 25 acres, undivided. As well, in our opinion, might it be argued that, where the sheriff has seized two mules, he cannot sell only one, as that he cannot sell a fourth part undivided where he has seized a half part un-

divided. Indeed, in a case where a plantation had been seized as an entirety, and a third person enjoined the sale for a one-half undivided interest, this court sanctioned the sale of the other half undivided interest. Losee v. De Lacey, 23 La. Ann. 287. See, also, as sanctioning a sale of less than the whole of the property seized, Clay v. O'Brien, 24 La. Ann. 232; Lane v. Succession of March, 33 La. Ann. 554.

[2] In opposition to this cases involving sales made under executory process are cited; but the distinction between the writ of seizure and sale and the fi. fa. is clear: The one writ addresses itself to specified property; its mandate to the sheriff is to seize and sell the property thus specified, and no other; the other writ addresses itself to the debtor's property in general; and its mandate to the sheriff is to cause the amount of the debt to be made out of the property of the debtor indiscriminately. See Danneel v. Klein, 47 La. Ann. 928, 17 South. 466.

[3] The learned counsel for defendants say that the expression "65 acres undivided in 739 acres" is not equivalent to, or has not the same meaning as, the expression $^{65}/_{739}$ of 739 acres. They also say that the 739 acres in question consist of three tracts widely separated, and that this makes a difference. For showing that these two expressions are equivalent in meaning the learned counsel for plaintiffs cite Gratz v. Land & R. Imp. Co., 82 Fed. 381, 27 C. C. A. 305, 40 L. R. A. 393; Freeman, Coten. § 96; Gibbs v. Swift, 12 Cush. (Mass.) 393; Battel v. Smith, 14 Gray (Mass.) 497; Jewett v. Foster, 14 Gray (Mass.) 495; Small v. Jenkins, 16 Gray (Mass.) 155; Great Falls Co. v. Worcester, 15 N. H. 412; Linnartz v. McCulloch (Tex. Civ. App.) 27 S. W. 279; Adams v. Hopkins (Cal.) 69 Pac. 228–233; Schenk v. Evoy, 24 Cal. 104; Grogan v. Vache, 45 Cal. 610; Jackson v. Livingston, 7 Wend. (N. Y.) 136; Corbin v. Jackson, 14 Wend. (N. Y.) 619, 28 Am. Dec.

550; and Sheafe v. Wait, 30 Vt. 735. But it appears to us to be plain, without the need of the citation of any authority, that these two expressions are exact equivalents. The addition of the qualifier "undivided" shows unmistakably that no particular 65 acres is meant, but an interest of $^{65}/_{739}$. And, this being the proportion of the interest conveyed, the fact that there are several tracts can make no difference, since an interest in this proportion is conveyed in each of the tracts.

[4] If we are correct in this, the defendants' third ground evidently has no merit, since there is no uncertainty or indefiniteness in a description by which a $^{65}/_{739}$ interest in one or more wholes is sold.

Judgment affirmed.

O'NIELL, J., dissents.