(75 South. 235)

No. 22161.

HAYNE v. LISSO et al.

(April 16, 1917. Rehearing Denied May 14, 1917.)

*(Syllabus by the Court.)*

1. HUSBAND AND WIFE &273(8) — COMMUNITY PROPERTY—SALE — DEED — CONSTRUCTION—TITLE—RESERVATION.

Where the surviving widow and the three children of the marriage for a quarter of a century treated all the real estate on hand at the time of the death of the father as community property, and the undivided interest of one of the daughters in the whole of said real estate was seized and sold to satisfy a judgment against her, and the widow four years later sold all of said real estate to the only son, less the interest of the daughter previously sold, and where the widow four years later sued to recover said interest, on the grounds that in 1861 she obtained a judgment of separation of property, and in 1878 purchased all of the aforesaid real estate from the vendee of her husband, *held*, that the sale to her son divested the plaintiff of all title or interest, however acquired, in the property, and the exception of the interest of her daughter, which had been sold at sheriff's sale, was not a reservation in favor of the plaintiff, especially where she, as vendor, declared her intention to transfer to the vendee all of her landed interests in the parish.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1019.]

2. JOINT TENANCY &3—WIDOW AND CHILDREN—INDIVISION.

Where, in such a case, the evidence showed that the plaintiff purchased in 1878 only certain designated parts of the real estate aforesaid, the remainder being the property of the husband, and on his death passing to the three children of the marriage, *held*, that the plaintiff, not being a joint owner or owner in common with her children, could not own or hold in indivision with them the whole or any part of the real estate aforesaid.

[Ed. Note.—For other cases, see Joint Tenancy, Cent. Dig. § 1.]

Appeal from Eleventh Judicial District Court, Parish of Red River; W. T. Cunningham, Judge.

Petitory action by Mrs. Aurora M. Hayne against Sam Lisso and others. Judgment for all the defendants dismissing the suit, and plaintiff appeals, and defendants, answering, pray for the amendment of the judgment in certain particulars. Affirmed.

See, also, 139 La. 197, 71 South. 365.

Alexander & Wilkinson, of Shreveport, for appellant. F. S. Weis, of New Orleans, and Foster, Looney & Wilkinson, of Shreveport, for appellees.

LAND, J. This is a petitory action to recover "65 acres in indivision" in certain subdivisions of land described in the petition.

According to the allegations of the petition, plaintiff, the surviving widow of W. L.

Hayne, was separated in property from him by judgment of court, of date June 22, 1861; and on November 20, 1878, acquired said property from J. W. Sanderford by duly recorded deed, and said Sanderford acquired said property from the said W. L. Hayne on November 10, 1877, by duly recorded deed, and the said Hayne, by mesne conveyances, acquired said property from the United States.

The petition alleges that the plaintiff conveyed to W. P. Hayne on August 29, 1912, the balance of said property, but specially reserving the 65 acres in question by duly recorded act of sale.

The petition further alleges that said Hayne sold a portion of the other described property to the heirs of J. E. Zoder and to G. C. Williams, and that said parties executed a mineral lease on a portion of said property to S. P. Schenberger and Oscar Shanks, and that they in conjunction with the said Hayne and others have produced and are producing from a portion of said land oil in considerable quantities, and that petitioner is entitled to $65/739$ of the royalty received by said lessors under said oil and gas lease of date January 22, 1915.

The petition further alleges that Sam Lisso, Mrs. Reta Mims, wife of S. S. Mims, Mrs. Carrie Lisso, Misses Cora Lee, Essie Lisso, and Bertie Lisso are asserting title to said property, though not in possession, and are likewise claiming to own the said $65/739$ of the royalty received from said lease.

The petition prayed that other named persons be made parties, and that the defendant be restrained from paying to the said Sam Lisso et al. any portion of the oil already or that may hereafter be produced from said land.

The petition also alleges and asserts the same demands as to all other mineral leases covering any part of the premises.

The prayer of the petition is for judgment declaring the plaintiff to be the owner of said

"65 acres in indivision" and quieting her in the possession and enjoyment thereof, and declared to be the owner of a like interest in the royalty received from the oil produced from said property, and directing that the same be paid to her, free from any claim of the said Sam Lisso, and the heirs of Paul Lisso, and restraining the said W. P. Hayne et al. from paying any portion of said royalty to the said Sam Lisso et al.

In the answer filed by Sam Lisso et al., the respondents averred that the alleged sale from W. P. Hayne to J. W. Sanderford was a simulation or a transfer for the purpose of securing a debt or lending credit to said Hayne by the use of the said Sanderford's note; that the said W. P. Hayne remained in possession of the property; and that the transaction between the said Sanderford and the plaintiff was likewise simulated, or at least did not vest her with any ownership in said property, since the said Sanderford was without title.

The respondents averred that the alleged judgment of separation was null because it was never executed, and was not published as the law requires, and was based on a fictitious claim of the said plaintiff against her husband.

Further answering the respondents admitted that plaintiff made a conveyance to W. P. Hayne on or about the date alleged in the petition, but averred that the conveyance included all the property of whatever character or kind she owned in Red River parish, La.

Further answering the respondents averred that in the suits of Sam Lisso et al. v. Schenberger et al., and of Sam Lisso et al. v. Mrs. Mary E. Williams et al., in the district court for Red River parish, they had been recognized by final judgment, as against the said W. P. Hayne or his transferees, as the absolute owners of said 65 acres of land; and that said judgments were affirmed by the Supreme Court and constitute res judicata.

The respondents in their answer admit the execution of the mineral leases and the production of oil as alleged in the petition, and aver their ownership of a $^{65}/_{739}$ interest in the lands in question, and the oil produced therefrom, and the bonuses and royalties received by the said W. P. Hayne and his assigns; and respondents deny emphatically that the plaintiff is entitled to any part thereof.

The defendants plead that the plaintiff is estopped by acquiescence and in other ways from disputing their title, and pray for judgment rejecting her demands, with costs, and against her, W. P. Hayne, G. C. Williams, and the heirs of Mrs. Zoder for $5,000, with 5 per cent. interest thereon, from date of judgment until paid, and for further judgment ordering a distribution of the funds received for the oil, gas, and other minerals in and under said property.

W. P. Hayne answered denying the alleged ownership of the plaintiff, and the alleged ownership of his codefendants, the Lissos, in and to the land and oil in question, and averring that the entire title and right to the products received from said premises should be decreed to belong to himself and his transferees.

The cause was tried on the issues thus raised, and judgment was rendered in favor of all the defendants, rejecting plaintiff's demands and dismissing her suit, with costs.

Plaintiff appealed, and the defendants have answered praying for the amendment of the judgment in certain particulars.

In Lisso et al. v. Williams, and Same v. Schenberger et al., 139 La. 197, 71 South. 365, this court held that the title to said fraction of $^{65}/_{739}$ of the land in question vested in Lisso Bros., Limited, by virtue of an execution and sheriff's sale under a judgment obtained by said firm against Mrs. M. E. Williams, who claimed an undivided one-third interest in said 739 acres of land.

In the opinion in those consolidated cases this court said in part:

"On the day of the sale, a Mrs. Hayne, who was claiming to be owner of a one-half interest undivided in the 739 acres of land, and a Mr. W. P. Hayne, who was claiming to hold a mortgage upon the said one-third interest undivided of Mrs. Williams, made a compromise with the said seizing creditor, Lisso Bros., Limited, by which the seizure was released, except as to 65 acres in indivision, and W. P. Hayne's mortgage upon this 65 acres in indivision was canceled, and this 65 acres in indivision was sold at the sheriff's sale, and was bought by the plaintiff in execution, Lisso & Bros., Limited, the authors in title of the plaintiffs in the present case."

In that case the Lisso Bros. obtained a judgment against Mrs. M. E. Williams and W. P. Hayne and assigns, decreeing them to be the owners of the 65 acres in indivision in all the lands described in the petition in the present suit.

Plaintiff, the widow of W. L. Hayne, and the mother of Mrs. M. E. Williams, and W. P. Hayne, sues to recover the same interest as her separate property.

The plaintiff was represented in the proceedings culminating in the said sheriff's sale to the Lissos by Mr. Phanor Breazeale, who was employed by W. P. Hayne, the son of the plaintiff, for that purpose.

The Lissos had attached one undivided one-third interest in all the lands described in the petition as the property of Mrs. M. E. Williams.

Mr. Breazeale, as counsel for the plaintiff, contended that the interest of Mrs. Williams did not exceed one undivided one-sixth, and finally made a compromise agreement with the Lissos by which their seizure was reduced to 65 acres in indivision, or about one-twelfth of the whole.

Mr. Breazeale, in the same transaction, also represented W. P. Hayne, who claimed to hold a mortgage on his sister's interest in the property.

It is evident that the one-sixth interest of Mrs. M. E. Williams was, by the agreement, divided between her creditors.

Mrs. Hayne, the plaintiff, in her deposition filed on the trial below, denied all knowledge of the employment of Mr. Breazeale, and stated that she never heard of the sheriff's sale to the Lissos until after the institution of this suit.

The plaintiff in her deposition stated that she was 87 years of age, and as she expressly mentioned the sheriff's sale to the Lissos in an authentic act of sale from herself to her son, executed in the year 1912, the memory of the lady must have been greatly impaired by age.

[1] On August 17, 1912, the plaintiff sold to W. P. Hayne, by authentic act of sale, the several tracts of land as described in her petition in this suit, "less 65 acres bought by Lisso at sheriff's sale in execution of judgment against Mrs. M. E. Williams, with all my interest in and to any other lands I may own in Red River parish not specified herein; it being my intention to convey to the said vendee all the landed interests I may have in Red River parish, La."

Plaintiff's demand in this case is based on the proposition that the exception of the 65 acres in the deed is a reservation of ownership of the plaintiff.

The common sense construction is that the 65 acres interest was not conveyed, because it had been sold to Lisso, and because the plaintiff did not consider that she owned the same, as shown by the fact that it was excluded from the sale intended to transfer all the landed interests of the vendor to the purchaser.

The plaintiff testified that her husband, W. L. Hayne, died in Red River parish about 1891, leaving three children of the marriage, to wit, W. P. Hayne, Mrs. M. E. Williams, and Mrs. Zoder, deceased.

The tracts of land described in the plaintiff's petition were presumed to be community property, and were so treated in the litigation between the Lissos and Mrs. Williams, W. P. Hayne, and their transferees, reported in 139 La. 197, 71 South. 365.

Mr. Breazeale, as counsel for the plaintiff, in 1908, in a petition for injunction drafted by him, represented that the property belonged to the community.

In May, 1914, W. P. Hayne, as owner of an undivided interest in the lands acquired by him from his mother, on August 17, 1912, sold to the heirs of his sister Mrs. Zoder an undivided one-third of one-half of said property, including the 65 acres in indivision.

In short, the interest of Mrs. Williams, fixed at $65/739$ of all the property, was purchased by Lisso Bros. on February 15, 1908; and in August, 1912, W. P. Hayne acquired the remainder of the lands from his mother, the plaintiff herein; and in May, 1914, transferred one-third of one-half of the whole property to the heirs of his sister Mrs. Zoder.

By the said sales and transfers, the three heirs of W. L. Hayne, each received the equivalent of one-third of one-half of all the real estate formerly owned by their father.

As stated above the plaintiff in 1912 sold her interest in the property, less the 65 acres in indivision, to her son, W. P. Hayne, and made no claim to any part or portion of the property in question until she instituted the present suit on April 7, 1916.

Whatever interest, whether separate or community, the plaintiff ever had in the property she bargained and sold to her son, W. P. Hayne, and it seems like a waste of time to consider her belated claim under the judgment of separation of property in 1861.

[2] But conceding, for the sake of argument, the validity of that judgment, and of the sale from J. W. Sanderford, of date November 20, 1878, plaintiff acquired title to the subdivisions in section 33, township 12

N., range 10 W., and in section 20, township 13 N., range 10 W., as described in her petition.

Plaintiff acquired no title whatever from Sanderford or any other person to the subdivisions in sections 5, 8, and 17, as described in her petition, which she alleges were acquired by her husband during the marriage.

Hence the subdivisions of the last-named sections under plaintiff's theory were the separate property of her husband, and on his death passed to his heirs, the three children of the marriage.

Under such an assumed state of facts it is legally impossible for the plaintiff to be considered as joint owner with her husband or his heirs of the tracts in sections 5, 8, and 17, and vice versa.

She, therefore, has no title to the "65 acres in indivision," which she sues to recover in this suit.

On the same hypothesis of a separation of property, and of a separate purchase by the plaintiff, she has sold and converted to her own use about eleven-twelfths of the interest of her children in said sections.

Judgment cannot be amended as between coappellees.

Judgment affirmed.

SOMMERVILLE, J., takes no part.